By the Court,

Nelson, Ch. J.
By the statute regulating highways and bridges in the counties on Long Island, passed 23d February. 1830, it is provided among other things, that the commissioners shall have power to regulate the roads, public landings and watering places already laid out, and to alter such of them as they or a majority of them shall deem inconvenient (3 R. S., App. 130, § 1, sub. 2); and by subdivision three, it is made their duty to cause such roads used as highways, as shall have been laid out, but not sufficiently described; and such as were used as highways for twenty years or more next preceding the 21st of March, 1797, and which shall have been worked and used as such constantly for the last six years but not recorded, to be ascertained, described and entered of record in the town clerk’s office. The fifth article of the statute provides for laying out public and private roads, the mode of assessing damages, &c. And the 66th section of that article declares, that every person who shall conceive himself aggrieved by any determination of the commissioners in laying out, altering, or discontinuing, or in refusing to lay out, alter, or discontinue any road, or in regulating, or refusing to regulate any public landing or watering place, or in determining or refusing to determine, that any road hath become a public highway, as mentioned in the first section of the act, may within twenty days appeal, &c.
There is nothing in the case as appearing before us showing to what the phrase in this act regulating public landings and watering places refers, or how it is understood in practice in the counties upon Long Island; and there may be some difficulty in fixing by judicial construction in the absence of all evidence on the subject an appropriate meaning. It is a power, which, ho doubt, was originally conferred to remedy some particular grievances in respect to the use of these places, the full and free enjoyment of which must be a great public convenience on account of local causes existing on [12] that island. We may, however, safely conclude that the statute does not confer the power to lay out a landing or watering place for the public use, for if such had been the intention of the legislature they would have carried it out more fully by prescribing the manner in which the power should be executed, as they have done in respect to roads. Nor was this power necessary, because a landing or watering place without a public road to and from it, would be useless; and the road itself when laid out to those places, as it may be under the statute, becomes the public landing or watering place at its termination. The width of it at such places may be regulated to suit the public convenience, according to the discretion of the commissioners of highways, as they are unrestricted in this respect, All public roads on the island shall not be less than three rods wide. (3 R. S., App. 138, § 63). Upon this view of the act, and which appears to me to be correct, it was competent for the commissioners to ascertain, describe and enter of record the-premises in question, if they were found to come within the third subdivision of the first section of the act; that is, if they had been used as a highway to a public landing place for twenty years or more preceding tha *9 21st March, 1797, and had been worked and used as such, constantly for the last six years.
The proof offered before the judges and rejected, did not come precisely within this view of the section, though it is probable that if the commissioners had been aware of it, it might have been presented in a shape which would have entitled it to a hearing. They seem to have acted under the impression that a landing place, eo nomine might be laid out or ascertained the same as a public road and presented the case in that aspect to the judges. Though a public highway may be laid out to and from a landing jlace, and may be used for this purpose, it can not be said that the latter may be laid out or ascertained and made a matter of record independently of the highway. A road may be a landing place, but the converse can not be maintained upon the statute.
The record of the exchange of roads by the commissioners of the • [13] town in January, 1830, referred to in the return, is not annexed, and we are therefore unable to determine with certainty the full extent of it; but it may be infened that all the old roads leading to the harbor, and which had before been used as landing places, at their termination, were then surrendered to Pearsall in exchange for the land embraced in the new road, if this should turn out to be the fact, then the old road and landing places have passed to him, as it was competent for the commissioners to make the exchange in pursuance of the 55th section of the statute; and if the public convenience should require the use of a more enlarged highway for a landing place, it must be laid out according to the provisons of the statute on this subject. (Art. 8, § 45, and onward.)
If an old highway still exists leading to the harbor, and which had been used so as to bring it within the third subdivision of the first section, and which was not included in the exchange by the commissioners in 1830, it may still be ascertained, and made a matter of record, and any interruption to the use and enjoyment of it removed.
As to the triangular piece of ground, whether it had been dedicated to the public in 1830, or not, was not a question for the commissioners to settle by ascertaining and making it a matter of record, as their power in this respect must be confined to the case specified in the statute. (§ 1, subd. 3.) The right to use this piece of ground must stand u,. on the principles of the common law, as it has not been laid out as a public road under the statute, nor used as such a sufficient length of time to authorize it to be put upon record.
Upon the whole we are of opinion that the proceedings of the judges of the county of Queens must be affirmed.
Proceedings affirmed.